UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROSALIND YOUNG-PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | 1:11-cv-302 TWP-DML |
| | ) | |
| ELI-LILLY & COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| STEPHANIE P. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:11-cv-307 SEB-DML |
| vs. | ) | |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMBINED ENTRY ADDRESSING THE PLAINTIFFS'
RESPONSES TO THE COURT'S SHOW CAUSE ORDERS
AND
DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE**

**A.  INTRODUCTION**

On June 23, 2011, after a series of failures to comply with the orders of this Court, Plaintiff

Stephanie P. Young was ordered to show cause why her case should not be dismissed with

prejudice, pursuant to Fed. R. Civ. P. 41(b).  [Cause No. 1:11-cv-307 at Dkt. No. 22.]  On June 27,

2011, reacting to similar derelictions, Judge Tanya Walton Pratt directed Plaintiff Rosalind Young-

Perry to show cause why her case should not be dismissed with prejudice, pursuant to Fed. R. Civ.

P. 41(b).  [Cause No. 1:11-cv-302[1] at Dkt. No. 29.]  Both Stephanie P. Young and Rosalind Young-Perry are represented in their respective cases by the same attorney, Marcia E. Avery-Hanley, which perhaps explains the fact that the procedural histories of the two cases are virtually identical.  Ms. Avery-Hanley has filed on behalf of her two clients nearly identical responses to the Court's show cause orders, and, not surprisingly, Defendant has filed nearly identical responses to Ms. Avery-Hanley's filings.  Given this uniformity in submissions by the parties, the Court will follow suit by addressing the issues before it in a single ruling.  We must determine whether either of the two plaintiffs can proceed with her claims or whether their cases warrant dismissal under Fed. R. Civ. P. 41(b).

## B.  PROCEDURAL HISTORY

### 1.  The Welch Action

In April 2006, Cassandra Welch and three other individual plaintiffs filed a class action lawsuit against Eli Lilly & Company ("Lilly") in Cause No. 1:06-cv-641 RLY-VSS (*"Welch et al."*).  The *Welch* plaintiffs, acting individually and on behalf of a purported class, asserted a number of race-based discrimination claims arising from their employment.  On October 31, 2007, Stephanie P. Young was added as a plaintiff in *Welch et al.* in the First Amended Class Complaint.  [Cause No. 1:06-cv-641 at Dkt. No. 50.]  Rosalind Young-Perry was added as an additional plaintiff in *Welch et al.* on September 8, 2008, in connection with the filing of the Second Amended Class Action Complaint.  [06-641 at Dkt. No. 131.]

In early 2010, the *Welch* plaintiffs advised the Court that they had elected to abandon their

---

[1]    Hereafter, the cause numbers will be referred to in abbreviated form – i.e., "11-302" and "11-307."

class based allegations, and on September 29, 2010, the Court granted Lilly's motion to sever the individual claims. [06-641 at Dkt. Nos. 366 & 541.]   In granting Lilly's motion, the Court ordered that any plaintiff in *Welch et al.* who wished to proceed individually was required to initiate his or her own individual action under a new cause number.   In permitting the former class members to proceed individually, the Court did not intend or expect that those persons could entirely recast their lawsuits to add a variety of new claims some forty (40) months after the commencement of the litigation. Consequently, the Second Amended Class Action Complaint filed on September 8, 2008, was deemed by the Court to be the "operative complaint" applicable to any and all individual plaintiffs.   The Court further held that the Second Amended Class Action Complaint could not be amended without leave of court or by agreement of the parties.   Id.  Any plaintiff wishing to proceed individually was ordered to confer with Lilly before initiating his or her individual case as a means, if possible, to tailor the allegations on the basis of each individual plaintiff's claims.   Id.

If the parties were able to agree on a modified individual complaint, the plaintiff was to file a document entitled "Amended Individual Complaint" and state therein that "Defendant does not object to the filing of this Amended Individual Complaint."   Id. at ¶ 2.  If the parties were not able to agree on a modified individual complaint, the plaintiff was to file a "Redacted Second Amended Complaint," that is, the plaintiff was to file the *Welch et al.* Second Amended Class Action Complaint by redacting whatever portions of that pleading were inapplicable to that individual plaintiff.   Id.  If the plaintiff sought to expand or modify his or her allegations as framed by the Redacted Second Amended Complaint, a motion for leave to amend was required.   The individual plaintiffs were allowed until December 28, 2010, to recast their individual actions in this way or risk a dismissal of his/her claim(s) "**WITH PREJUDICE**."   Id.  (bold and capital letters in original).

3

Neither Rosalind Young-Perry nor Stephanie P. Young complied with the Court's December 28, 2010 deadline, thereby technically subjecting their cases to dismissal.  However, on December 29, 2010, they both belatedly moved the Court for additional time through and including January 27, 2011 within which to file their individual cases.  [06-641 at Dkt. No. 558.]  In their motion, they explained  that they had been unable to comply with the December 28, 2010 deadline because their counsel had been busy with an "unusual number of hearings and preparation time for those hearings."  <u>Id.</u>   Though the Court delayed a ruling on the plaintiffs' motion, neither plaintiff managed to comply with her own self-imposed deadline of January 27, 2011.  Then, on February 10, 2011, when the Court denied the plaintiffs' motion on the grounds that counsel's "unusual number of" and "preparation time" for hearings did not "make sense," plaintiffs were, nonetheless, allowed through and including February 16, 2011 to renew their motions for time and to proffer a "cogent basis" for their requests.  [06-641 at Dkt. No. 563.]  On February 16, 2011, the plaintiffs renewed their motion, which the Court granted, thereby allowing them through and including February 28, 2011 to get their individual cases on file.  [06-641 at Dkt. No. 565.]

2.  The Plaintiffs' Individual (*Welch* Spin-Off) Actions

The plaintiffs filed their individual cases, as captioned above, on February 28, 2011; however, they did not comply with the procedures set forth in the *Welch* Entry of September 29, 2010 (hereafter referred to as the "Severance Order.")   Instead, both plaintiffs filed entirely *new* complaints which bore little resemblance to the "operative complaint" (i.e., the *Welch et al.* Second Amended Class Action Complaint).  To compound their failures, they did so without first consulting Lilly as the Court had directed them to do in an effort to secure its consent and approval.  Not surprisingly, Lilly moved to strike these new complaints based on their non-compliance with the

4

Severance Order.  [11-302 at Dkt. 15; 11-307 at  12.]  The Court granted Lilly's motions, but, once again, permitted the plaintiffs additional time (twenty-one (21) days) to properly initiate their individual cases.  [11-302, Dkt. No. 22; 11-307, Dkt. No. 20.]

Notwithstanding this additional forbearance by the Court, neither plaintiff filed anything within the twenty-one (21) day period, thus prompting the issuance of the Court's orders to show cause why the plaintiffs' respective cases should not be dismissed, pursuant to Fed. R. Civ. P. 41(b), for their repeated, continuing failures to comply with the Court's orders and deadlines.  These are the same show cause orders referenced in the Introduction above that are currently before us for a decision.  [11-302 at Dkt. No. 29; 11-307 at Dkt. No. 22.]

Plaintiff Stephanie P. Young responded to her show cause order on July 7, 2011, explaining that she had been out of the country from May 30 through June 12, 2011 and was, therefore, unavailable to confer with her counsel about her complaint.  [11-307 at Dkt. No.  23, ¶ 8.]  Rosalind Young-Perry responded to her show cause order also on July 7, 2011 explaining (though somewhat confusingly): "After understanding the Plaintiffs' lack of knowledge about the legal process, when the undersigned (i.e., Ms. Avery-Hanley) met with Plaintiff to review the proposed complaint obtained at the May 24, 2011 Initial Pretrial Conference and Case Management Order, it was explained to her that she is required to actively participate in this cause of action."  [11-302 at Dkt. 31, ¶ 8.]  Both plaintiffs also indicated that: (1) their counsel had talked with Lilly's lawyers on or about June 22, 2011 (notably, a date after the extended twenty-one (21) day time period had already expired) to request more time to file proper complaints, but Lilly's lawyers would not agree to another extension; (2) they knew that they had not complied with the Court's last deadline, but since that deadline had already expired, they figured it was useless to file another motion for extension

of time; (3) so instead, they decided that, since they did not have Lilly's consent, the best way to proceed was to go ahead and file motions for leave to file their complaints. [11-302 at Dkt. No. 31, ¶¶ 9 & 10; 11-307 at Dkt. No. 23, ¶¶ 9 & 10.]

Both plaintiffs attached as a part of their July 7, 2011 responses to the Court's show cause orders copies of their proposed complaints that they sought to have the Court accept for filing. However, once again, neither plaintiff filed a redacted copy of the *Welch et al.* Second Amended Class Action Complaint and neither plaintiff filed a motion for leave to amend that "operative complaint" in accordance with the Severance Order,  Fed. R. Civ. P. 15, and Local Rule 15.1.  Lilly responded that the plaintiffs' had not provided any valid reason to excuse their many failures and, in any event, *still* had not complied with the Severance Order.  Accordingly, Lilly urges the Court to dismiss both cases.

Apparently realizing that they never actually *moved* the court to accept the copies of the complaints they had attached to their show cause responses, the plaintiffs took their July 7, 2011 responses to the Court's show cause orders and re-worked them into the form of motions, changing the title of their previously filed documents (incorrectly) titled "Response to Defendant's Rule to Show Cause"[2]  to "Motion for Leave to File Complaint," but making no other significant or substantive changes.  Plaintiffs then filed their Motion(s) for Leave to File Complaint(s) with the Court on September 2, 2011, more than eight (8) months after the original court imposed deadline. [11-302 at Dkt. No. 34; 11-307 at Dkt. No. 26.]  In response to these motions, Lilly has restated and incorporated by reference all of its previous arguments and, again, asks the Court to dismiss both

---

[2]   Plaintiffs' documents entitled "Response to Defendant's Rule to Show Cause" were incorrectly titled because it was the <u>Court</u>, not the Defendant, that required the plaintiffs to show cause why their cases should not be dismissed.

of the plaintiffs' cases.

## C. DISCUSSION

We agree with Lilly that the plaintiffs have been afforded multiple opportunities to comply with the Court's Severance Order and have failed at every turn. The plaintiffs failed to initiate their individual cases by the Court's original deadline of December 28, 2010. When they belatedly asked for additional time to do so, they failed to comply with their own self-imposed deadline of January 27, 2011. When they were granted an extension of time through and including February 28, 2011, the complaints they filed on that date did not comply with the Severance Order. When those complaints were stricken, they were granted an additional twenty-one (21) days within which to file pleadings that complied with the Severance Order, but they failed to file anything at all -- which prompted the Court's show cause orders.

Both plaintiffs timely responded to the Court's show cause orders, but neither plaintiff has offered a compelling explanation for her delays and failures. Rosalind Young-Perry's claim that her missteps were attributable to a "lack of knowledge about the legal process" is unpersuasive and hardly excusable. Ms. Young-Perry, whom we assume to be a non-lawyer, would have relied on her counsel, Ms. Avery-Hanley, to interpret and comply with the Court's Severance Order. Likewise, Stephanie P. Young's assertion that she was out of the country from May 30 to June 12, 2011 does not excuse her extended pattern of delay and failures during the days before and after that two (2) week period. In any event, it is not apparent why Ms. Young's absence from the country for a mere two (2) weeks would have prevented her attorney, Ms. Avery-Hanley, from filing documents on Ms. Young's behalf. There is no indication that Ms. Avery-Hanley was also out of the country during that time period.

Further, the plaintiffs' suggestion that Defendant is at fault for these derelictions because, when Ms. Avery-Hanley contacted Defendant's counsel on or about June 22, 2011 to request additional time to comply with the Severance Order, Defendant's counsel would not agree to any further extensions, is entirely without merit. By June 22, 2011, plaintiffs had already received several extensions of time totaling nearly 180 additional days beyond the original December 28, 2010, deadline, making Defendant perfectly within its rights to insist that the plaintiffs file proper pleadings without further delay. Plaintiffs' final argument that dismissal of their cases would be improvident because, by their assessment, their cases are still in the "early stages" belies the clear facts which objectively demonstrate that their cases, which commenced in April of 2006 as part of *Welch, et al.*, have been pending more than five (5) years.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a case with prejudice where a plaintiff fails to respond to court orders and where a plaintiff's faltering efforts to comply with a court order are grossly inadequate or insufficient. A dismissal with prejudice under Rule 41(b) is a matter committed to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. <u>Lewis v. School Dist. #70</u>, 648 F.3d 484, 488 (7th Cir. 2011). Of course, "[a] court should only dismiss a cause of action pursuant to Rule 41(b) 'when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective.'" <u>Lewis</u>, 648 F.3d at 488 (citing <u>Roland v Salem Contract Carriers, Inc.</u>, 811 F.2d 1175, 1177 (7th Cir. 1987)).

Given the circumstances we confront here, a dismissal with prejudice under Fed. R. Civ. P. 41(b) is entirely justifiable. The Court's patience in trying to coax plaintiffs to get their cases properly framed has worn thin. However, we acknowledge that a dismissal with prejudice may be

a draconian sanction. Given that the plaintiffs' failures are not entirely of their own making, stemming as they do from their counsel's repeated ineptitudes, inattentiveness, and general bungling, we are reluctant to cause counsel's failures to fall disproportionately on the plaintiffs. It clearly was Ms. Avery-Hanley's responsibility as the plaintiffs' attorney to comply with the requirements of the Severance Order in a timely fashion. Notwithstanding several extensions of time and the Court's repeated forbearance, Ms. Avery-Hanley *still* has not managed to file proper pleadings on behalf of her clients. We think her demonstrated failures over these many months reveals, at best, a lack of knowledge of the federal and local rules of procedure, including Fed. R. Civ. P. 15 and Local Rule 15.1. At worst, they reveal a pattern of serious ineptitude and/or neglect. Her repeated failures are not limited to mere pleading technicalities, nor are they inconsequential. Ms. Avery-Hanley has needlessly prolonged the duration of this litigation, prejudicing her clients' interests as well as causing Defendant to incur additional attorneys' fees and expenses.

"Courts possess the inherent power to protect the orderly administration of justice and preserve the dignity of the tribunal." Magnus Electronics, Inc. V. Masco Corp. of Indiana, 871 F.2d 626, 632 (7th Cir. 1989) (citing Kleiner v. First National Bank of Atlanta, 751 F.2d 1193,   (11th Cir. 1985)). This power "necessarily includes the authority to impose reasonable and appropriate sanctions upon the lawyers practicing before it," including the sanction of disqualification. Kleiner, 751 F.2d at 1209 (quoting Flaksa v. Little River Construction Co., 389 F.2d 885, 888 (5th Cir. 1968)). See also Sambrano v. Mabus, ___ F.3d ___, WL 5358704 (7th Cir. 2011) (ordering lawyer to show cause why he should not be sanctioned on account of "his apparent inability to practice competently and diligently in the federal courts").

Accordingly, the Court ORDERS that:

1.   On or before December 23, 2011, Ms. Avery-Hanley shall **EITHER**:  (a) voluntarily withdraw her appearances on behalf of Rosalind Young-Perry and Stephanie P. Young; or (b) show cause why the Court should not order her withdrawal and her appearances stricken.

2.   The pending Motion(s) for Leave to File Complaint are **DENIED** as procedurally non-compliant with the Severance Order. [11-302 at Dkt. No. 34; 11-307 at Dkt. No. 26.]

3.   Ms. Avery-Hanley shall serve Rosalind Young-Perry and Stephanie P. Young with copies of this Entry within four (4) days of the date this Entry is docketed by the Clerk of the Court.

4.   Within eight (8) days following the date of this Entry on the docket by the Clerk of the Court, Ms. Avery-Hanley shall file affidavits stating that she has served copies of this Entry on each of the plaintiffs as provided in paragraph 3 above and supply the Court with each plaintiff's current mailing address and telephone number.

5.   Following Ms. Avery-Hanley withdrawal of her appearances or removal as counsel for the plaintiffs, Rosalind Young-Perry and Stephanie P. Young shall each have thirty (30) days from that date when Ms. Avery-Hanley's representation ceases within which to secure replacement counsel.

6.   Replacement counsel, if there be any, shall have thirty (30) days from the date that Ms. Avery-Hanley's representation ends to enter his or her appearance in the appropriate cause.

7.   Replacement counsel, if there be any, shall then have sixty (60) days from the termination date of Ms. Avery-Hanley to file pleadings that comply with the Severance Order – i.e., the Court's Entry of September 29, 2010 in Cause No. 1:06-cv-641 at Dkt. No. 541.

Plaintiffs Rosalind Young-Perry and Stephanie P. Young are specifically admonished that time is of the essence and that they need to act promptly and without delay to secure replacement counsel, if Ms. Avery-Hanley withdraws her appearances or is otherwise removed as their counsel. If either plaintiff fails to timely secure replacement counsel, her case will be subject to the ultimate sanction, which is dismissal.  The Court's continued forbearance in granting any further extensions of time is highly unlikely.

10

IT IS SO ORDERED.

Date:   12/08/2011

_Hon. Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Marcia E. Avery-Hanley
LAW OFFICE OF MARCIA E. AVERY-HANLEY
mhanleylegal@yahoo.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Jamenda A. McCoy
BAKER & DANIELS LLP-Chicago
jamenda.mccoy@bakerd.com